Wanamaker, J.
Affidavit was filed in the probate court of Licking county, charging that Steve Tesca, on or about the 5th day of January, 1922, in the county of Licking, state of Ohio, “did then and there sell and deliver intoxicating liquors to one Tom Boyehan,” etc. To that affidavit the defendant entered a plea of not guilty. Upon trial of the cause before the probate judge the defendant was found guilty. A motion for new trial was duly made and overruled, and error was then prosecuted in the court of common pleas. The court of common pleas affirmed the judgment below, and thereupon, upon leave first granted, proceedings in error were filed in the Court of Appeals. Upon hearing had in that court the judgment of the courts below was affirmed, and exception taken. Leave was duly granted in the Supreme Court to file petition in error. The judgment below is now here for review.
The one error claimed in this case relates to certain testimony offered touching the truth of the alleged sale of liquor set forth in the affidavit. The nature of this testimony and the ruling of the court thereon can be probably best understood from the state’s brief:
“Dyar, Moeller, and Boyehan testified positively that this transaction occurred on January 5th. Tesca admits that Boyehan was at his place, but claims that he was there on the 6th day of January. He says that Boyehan asked him for a half pint, but that he told Boyehan that he did not have any whisky. The testimony of two other witnesses to the same effect as Tesca’s testimony was stricken out.”
*289 If such testimony was competent it is obvious that its exclusion was prejudicial error, it appearing that the witness Boyehan was in Tesca’s place on January 5 or January 6, but on only one of those dates. Surely it was competent for the defense to show a different date for Boychan’s presence in the place than the one named by the state. Suppose the shoe were on the other foot, and the date charged in the affidavit was January 5, but the state’s'proof showed that it was January 6, would the same claim on such simple reason be made upon motion of the defense to dismiss the charge because of a failure or variance of proof? It would be idle to make such claim.
The exact date is not material in such a transaction. Criminal statutes are enacted for that express purpose. Section 13581, General Code, expressly provides, among other things:
“An indictment shall not be invalid * * * for omitting to state the time at which the offense was committed, in a ease in which time is not of the essence of the offense; or for stating the time imperfectly.”
If that be true doctrine as to an indictment, it would scarcely be claimed that a more strict doctrine should be applied to an affidavit. It is claimed, however, that Tesca’s testimony was “to the same purport as that of the witnesses whose testimony was stricken out.” It would hardly be claimed that this fact justified the court in striking out the corroborating proof that Tesca offered in support of his own testimony as to the time and date of Boychan’s visit to his place, which both sides concede was but once, at or near the time pleaded in the affi *290 davit. Where the state offers proof tending to show that the alleged offense was committed on the exact date charged in the complaint, and the defendant, denying the charge, claims that the state’s chief witness was not in his place on that date, but that he was in his place on another date near that time, in which a conversation is related tending to deny the alleged, unlawful act, how, in such a case, can it be said that the testimony of two witnesses who corroborate the defendant’s statement as to the time of the state witness’s presence in the defendant’s place of business is not more likely to raise a reasonable doubt as to defendant’s guilt than if he was entirely unsupported? The bare statement of this proposition is unanswerable.
It is claimed that “the matter struck out had the character of impeaching testimony, and no foundation was laid therefor.” It is an elementary rule of the law that such a “foundation” is wholly unnecessary where one side testifies to a certain set of facts and the other side to a contrary or different set of facts. Each may testify as to what they saw and what they heard, however they may differ, and give the time and place and circumstances of the matter in issue, and no further “foundation” is necessary to be laid.
If the question was one relating to a statement made by a party or witness, and such conversation or statement was sought to be impeached, there would be some reason for the application of the principle invoked; but, the state not being bound by the exact date applied in the formal charge, the defendant likewise is not bound by that exact date. He may show any fact or cii’cumstance to prove or *291 disprove the charge as made. The defendant was clearly entitled to the evidence excluded. It was the duty of the trial court or jury to consider it as competent testimony, and to give it under all the evidence of the case the consideration and credibility to which it was fairly entitled. The trial court having clearly and wholly excluded it from all consideration and credibility touching the issue involved, such action on its part was clearly prejudicial to the constitutional and lawful rights of the accused, for which a reversal must be granted, and the cause remanded for new trial.

Judgment reversed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.